IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

    Plaintiff,

vs.

ROMERO,

    Defendant.

                              /

No. 2:13-cv-0614 EFB P

<u>ORDER GRANTING IFP & DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM</u>

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.

**I.  Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a

////

////

2

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III. Screening Order

Plaintiff alleges that on October 6, 2012, defendant Romero told plaintiff that his five minutes of shower time were over, and turned off the water line, leaving plaintiff with soap on his body and in his eyes. Plaintiff allegedly complained that the soap was burning his eyes and that he could not see, and Romero allegedly told plaintiff to shut up. Plaintiff allegedly went back to his cell where he rinsed off with water from his sink. Plaintiff seeks damages for his alleged injuries. *See* Complaint, Dckt. No. 1.

Although the complaint does not identify any claims for relief, the administrative appeals attached as exhibits to the complaint suggest that plaintiff intends to pursue an Eighth Amendment cruel and unusual punishment claim and/or an Americans with Disabilities Act (ADA) claim. *See id.* at 1 (labeling complaint as "disabled prisoners"), 6-7 (appeal for alleged "discrimination against disabled prisoners" and for "cruel and unusual punishment").

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To succeed on such a claim, a prisoner must show that (1) the defendant's conduct deprived him of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). That is, the defendant must have known that the inmate

1  faced a substantial risk of serious harm, and must have also disregarded that risk by failing to
2  take reasonable measures to abate it. *Id.* at 847.

3  While malicious and sadistic uses of force always violate contemporary standards of
4  decency, not every "malevolent touch" by a prison guard is actionable as an Eighth Amendment
5  violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of
6  cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis*
7  uses of physical force, provided that the use of force is not of a sort repugnant to the conscience
8  of mankind." *Id.* at 9-10 (internal quotation marks and citations omitted).

9  The deprivation plaintiff complains of here is not sufficiently extreme to state an Eighth
10 Amendment claim. According to the allegations in the complaint, plaintiff was taken straight
11 from the showers to his cell, where he was allowed to rinse his eyes with water from his sink.
12 Plaintiff fails to demonstrate that Romero's alleged actions, even if malevolent, resulted in
13 anything beyond a temporary burning sensation in plaintiff's eyes.[1] While the soap may have
14 cause some temporary discomfort, even the "transitory effects of . . . pepper spray," such as
15 burning in the eyes, are not sufficient to demonstrate a serious medical need or injury for
16 purposes of the Eighth Amendment. *Allen v. Bosley*, 253 Fed. Appx. 658, 660 (9th Cir. 2007);
17 *see also Heilman v. Fry*, No. CV-08-2478 JLQ, 2009 U.S. Dist. LEXIS 100161, at *16 (E.D.
18 Cal. Oct. 2, 2009) ("Ordinarily pepper spray does not create a serious medical need because it
19 causes only temporary discomfort."). Here, there are no facts showing that the residual soap
20 posed an excessive risk to plaintiff's health or caused him any injuries aside from some
21 temporary discomfort. *See Harris v. Kim*, No. 1:05-cv-0003 OWW SKO, 2010 U.S. Dist.
22 LEXIS 112594, at *14-22 (E.D. Cal. Oct. 21, 2010) (dismissing plaintiff's § 1983 claims for
23 alleged exposure to powerwash soap, as allegations did not demonstrate a "serious risk toward

---

[1] It is unclear whether plaintiff knew of the five minute shower limit and if so, why he did not properly use that time to rinse the soap from his eyes and body before the water was turned off. In any event, he was able to promptly rinse the soap upon being immediately returned to his cell.

4

Plaintiff's health or safety"). Thus, plaintiff fails to state a cognizable Eighth Amendment claim based on the temporary burning in his eyes from the soap. *See Canup v. Miller*, No. C. 96-1425 MEJ, 1997 U.S. Dist. LEXIS 400, at *7 (N.D. Cal. Jan. 10, 1997) ("While prison officials must provide inmates with adequate sanitation, not every inconvenience or de minimis injury constitutes a violation of the Eighth Amendment").

Nor are plaintiff's allegations cognizable under the ADA. In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity."); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (ADA plaintiff may seek injunctive relief against state officials in their official capacities). Damages, however, are only available under Title II of the ADA where a plaintiff proves the defendant acted with deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). Here, plaintiff fails to allege any facts to demonstrate a violation of his rights under the ADA.

Although it appears unlikely, to the extent plaintiff can allege specific facts supporting a deliberate indifference or ADA claim, plaintiff should be granted leave to amend to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc) (Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. It

must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.

Additionally, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order may result in a recommendation that this case be dismissed for failure to state a claim upon which relief may be granted.

DATED: May 22, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6