IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

    Plaintiff,           No. 2:13-cv-614-EFB P

vs.

ROMERO,                      ORDER DISMISSING ACTION WITHOUT
                                    LEAVE TO AMEND FOR FAILURE TO STATE
    Defendant.         A CLAIM

                             /

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). After a dismissal pursuant to 28 U.S.C. § 1915A(a), plaintiff has filed an amended complaint.

**I.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

**II.     Background**

In the original complaint, plaintiff alleged that on October 6, 2012, defendant Romero told plaintiff that his five minutes of shower time were over, and turned off the water line, leaving plaintiff with soap on his body and in his eyes. Plaintiff allegedly complained that the soap was burning his eyes and that he could not see, and Romero allegedly told plaintiff to shut up. Plaintiff allegedly went back to his cell where he rinsed off with water from his sink. Plaintiff did not identify his intended claims for relief, but sought damages for his alleged injuries. *See* Compl., ECF No. 1.

/////

In dismissing the complaint for failure to state a claim upon which relief could be granted, the court informed plaintiff of the standards applicable to Eighth Amendment claims and Americans with Disabilities Act ("ADA") claims. The court explained to plaintiff why his allegations were insufficient under those standards:

> The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To succeed on such a claim, a prisoner must show that (1) the defendant's conduct deprived him of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). That is, the defendant must have known that the inmate faced a substantial risk of serious harm, and must have also disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 847.
>
> While malicious and sadistic uses of force always violate contemporary standards of decency, not every "malevolent touch" by a prison guard is actionable as an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotation marks and citations omitted).
>
> The deprivation plaintiff complains of here is not sufficiently extreme to state an Eighth Amendment claim. According to the allegations in the complaint, plaintiff was taken straight from the showers to his cell, where he was allowed to rinse his eyes with water from his sink. Plaintiff fails to demonstrate that Romero's alleged actions, even if malevolent, resulted in anything beyond a temporary burning sensation in plaintiff's eyes.[1] While the soap may have cause some temporary discomfort, even the "transitory effects of . . . pepper spray," such as burning in the eyes, are not sufficient to demonstrate a serious medical need or injury for purposes of the Eighth Amendment. *Allen v. Bosley*, 253 Fed. Appx. 658, 660 (9th Cir. 2007); *see also Heilman v. Fry*, No. CV-08-2478 JLQ, 2009 U.S. Dist. LEXIS 100161, at *16 (E.D. Cal. Oct. 2, 2009) ("Ordinarily pepper spray does not create a serious medical need because it causes only

---

[1] It is unclear whether plaintiff knew of the five minute shower limit and if so, why he did not properly use that time to rinse the soap from his eyes and body before the water was turned off. In any event, he was able to promptly rinse the soap upon being immediately returned to his cell.

temporary discomfort."). Here, there are no facts showing that the residual soap posed an excessive risk to plaintiff's health or caused him any injuries aside from some temporary discomfort. *See Harris v. Kim*, No. 1:05-cv-0003 OWW SKO, 2010 U.S. Dist. LEXIS 112594, at *14-22 (E.D. Cal. Oct. 21, 2010) (dismissing plaintiff's § 1983 claims for alleged exposure to powerwash soap, as allegations did not demonstrate a "serious risk toward Plaintiff's health or safety"). Thus, plaintiff fails to state a cognizable Eighth Amendment claim based on the temporary burning in his eyes from the soap. *See Canup v. Miller*, No. C. 96-1425 MEJ, 1997 U.S. Dist. LEXIS 400, at *7 (N.D. Cal. Jan. 10, 1997) ("While prison officials must provide inmates with adequate sanitation, not every inconvenience or de minimis injury constitutes a violation of the Eighth Amendment").

Nor are plaintiff's allegations cognizable under the ADA. In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity."); *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (ADA plaintiff may seek injunctive relief against state officials in their official capacities). Damages, however, are only available under Title II of the ADA where a plaintiff proves the defendant acted with deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). Here, plaintiff fails to allege any facts to demonstrate a violation of his rights under the ADA.

ECF No. 6 at 3-5.

Now before the court is plaintiff's amended complaint. ECF No. 9.

### III. Amended Complaint

In the amended complaint, plaintiff alleges that he is a disabled prisoner and that defendant Romero violated his rights under the Eighth Amendment and the Americans with Disabilities Act, when he (1) denied plaintiff showers when the prison was on lockdown, forcing plaintiff to wait to shower until Romero's day off, and (2) turned the water off on one occasion while plaintiff was showering. Plaintiff seeks damages and injunctive relief.

The facts alleged in the amended complaint do not cure the deficiencies identified in the court's initial screening order, as they again, fail to demonstrate the existence of conditions that

1 were sufficiently extreme to state an Eighth Amendment claim, and also fail to show that
2 Romero mistreated plaintiff because of plaintiff's disability. *See Davenport v. De Robertis*, 844
3 F.2d 1310, 1316 (7th Cir. 1988) (holding that, in general, one shower per week is
4 constitutionally sufficient); *Clark v. Williams*, No. 2:10-cv-0591-RLH-RJJ, 2011 U.S. Dist.
5 LEXIS 8671, at *5 (D. Nev. Jan 28, 2011) ("mere failure to provide a shower for a five day
6 period is [ ] insufficient to state a claim for violating the Eighth Amendment"); *Lipsey v.
7 Schwarzenegger*, No. 1:08-cv-1726-SMS, 2009 U.S. Dist. LEXIS 122767, at *9 n.2 (E.D. Cal.
8 Dec. 14, 2009) ("The denial of showers and hygiene supplies for four and a half days is unlikely
9 to support an Eighth Amendment claim"). The amended complaint must therefore be dismissed
10 for failure to state a claim.

11 Despite an opportunity to amend, plaintiff appears to be unable to state a cognizable
12 claim for relief, and further leave to amend appears futile. Accordingly, the court will dismiss
13 the amended complaint without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.
14 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if
15 a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint
16 lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A]
17 district court should grant leave to amend even if no request to amend the pleading was made,
18 unless it determines that the pleading could not be cured by the allegation of other facts.").

19 Accordingly, IT IS HEREBY ORDERED that plaintiff's amended complaint is dismissed
20 for failure to state a claim and the Clerk is directed to close this case.

21 Dated: August 12, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE